[Civ. No. 16640.   Second Dist., Div. One.   Mar. 29, 1949.]

JOHN L. BISHOP et al., Appellants, v. CLAUDE R. FREEMAN et al., Respondents.

Gaines Hon, Joseph W. Jarrett and Joseph A. Zahradka, Jr., for Appellants.

Dee B. Tanner for Respondents.

WHITE, J.—This is an action by John L. and Lottie M. Bishop, husband and wife, against Claude R. Freeman, son of Mrs. Bishop by a former marriage, and his wife Helen Freeman, to establish that a parcel of real property, title to which had been taken in the name of Claude R. Freeman, was held by him in trust for Mr. and Mrs. Bishop.  After trial without a jury, judgment was rendered that defendant Claude R. Freeman held the property in trust "jointly, that is, one-half

for plaintiffs and one-half for defendants, subject to agreement that defendants will make all payments on the balance of encumbrance executed by Claude R. Freeman to the original vendor.'' From such judgment plaintiffs have appealed.

Plaintiffs alleged in their complaint:

"On or about December 1st, 1943, plaintiffs, then residing in Santa Barbara, California, orally requested defendant Claude R. Freeman to negotiate a purchase for said plaintiffs of a certain parcel of real property on which was located a duplex residential building, . . . That this property is by street addresses more commonly known as 10302 Ilona Street, . . . and 2333 Fox Hills Drive, West Los Angeles, California, which latter part has at all times herein mentioned been occupied by defendants as tenants. That for reasons of convenience it was orally agreed by plaintiffs and defendants that defendant Claude R. Freeman was to take title to said real property. That defendants orally agreed to convey title to said premises unto the plaintiffs upon their demand. That the purchase price of said property was $6500.00 one-half payable in cash, balance in monthly installments of $35.00 per month. That defendants and each of them orally agreed to pay plaintiffs for rental of one-half of said premises purchased, the sum of $35.00 per month, due the plaintiffs, directly to the mortgagee to apply on the balance due on the mortgage. That defendant, Claude R. Freeman, promises plaintiffs that he would complete the purchase negotiations for them. That said plaintiffs delivered to defendants the sum of $3682.73 to complete the purchase. That defendant, Claude R. Freeman, out of this sum paid the vendor $3250.00, the costs of escrow of an undetermined sum and took title to said real property in his own name as a married man. That neither of the defendants have contributed any part of the consideration which has been paid unto the vendor for the sale of said premises.''

Plaintiffs further alleged that a relation of trust and confidence existed between plaintiffs and defendants; that defendants have refused upon demand to execute a deed to the premises.

It is undisputed that plaintiffs furnished the down payment of one-half of the purchase price, and that defendant Claude R. Freeman handled the negotiations and took title in his own name. Defendants by their answer, however, alleged that the agreement between the parties was that defendant Claude R. Freeman was to buy the property in his own name and each was to pay one-half of the purchase price; Mrs. Bishop

was to furnish the down payment of $3,250 and Claude R. Freeman was to execute a purchase-money trust deed for the balance, payable at the rate of $35 per month; that "each was to live in one-half of said double house as his or her own property so long as he or she and their respective spouses should live, further, that should Lottie M. Bishop ever desire to hold title in her own name, then and in that event, Claude R. Freeman would give a deed establishing title to said property in the plaintiffs and defendants as joint tenants, all of which the defendant Claude R. Freeman has now and at all times been ready and willing to do."

Defendants further alleged that they were willing to sell the property and divide the proceeds or give plaintiffs a deed to a one-half interest; and further pleaded that the agreement set forth in the complaint was invalid under the statute of frauds.

The trial court found that there was no agreement as pleaded in the complaint; that the plaintiffs paid one-half of the purchase price and the defendants were to pay $35 per month on the balance for and on behalf of themselves and not on behalf of the plaintiffs or as rent.

Appellants, while, recognizing the well settled rule that the findings of the trier of fact, if supported by any substantial evidence, may not be disturbed on appeal, nevertheless urge that the judgment herein should be reversed on the ground of insufficiency of the evidence. They urge that Mr. Freeman stood in a position of trust with his mother and stepfather; that his explanation that he was to pay for his half interest by paying off the trust deed is unbelievable; that the son, despite receiving financial help from his mother throughout his life, has taken a mercenary attitude in attempting to enforce an agreement which if it existed was unconscionable, against his mother, who was so ill that the first trial of the cause resulted in a mistrial and two sessions of the second trial had to be held at her bedside. It is further pointed out that Mr. Freeman permitted the water service to be placed in the name of Mr. Bishop; that he had his mother registered as owner with the O.P.A. in order that she might evict the tenant; that he and his wife each made a holographic will leaving the property to Mrs. Bishop. Appellants cite *Schwarting* v. *Artell*, 40 Cal.App.2d 433 [105 P.2d 380], in support of their proposition that the present cause discloses a breach of a fiduciary duty requiring that the judgment be reversed with directions to enter judgment for plaintiffs.

Appellants' contention cannot prevail. The record discloses that the trial court was confronted with a problem in the veracity of witnesses, parties to the action, who directly contradicted each other as to their oral understandings. Mrs. Bishop testified that the son's payments of $35 per month actually constituted rent which for convenience he applied directly on the trust deed payments. Mr. Freeman, on the contrary, testified that the understanding was that each family was to own a one-half interest; that the plaintiffs furnished their half of the purchase price and left it up to him to arrange to pay his half any way he saw fit. The undisputed facts are that title was taken in Mr. Freeman's name with the consent of the plaintiffs; that he did in fact pay his half by executing the purchase-money note and trust deed as to which the plaintiffs assumed no liability.

The findings of the trier of fact can be disturbed only if, viewing the evidence in the light most favorable to respondents, indulging in every legitimate inference in support of such findings, the result is a conclusion that there is no substantial evidence to support the findings complained of. Such conclusion cannot be reached on this appeal. In the circumstances presented by this cause, the finding of the trial court, supported by the only certain and uncontradicted evidence in the record, that a trust resulted only to the extent of the respective contributions of the parties toward the purchase price, must be upheld. The case of *Schwarting* v. *Artell, supra,* relied on by appellants, is not controlling here. That case was concerned with a breach of duty by an agent who made a secret profit from a transaction conducted on behalf of his principal. In this cause there was no concealment, and as the trial court found, no relationship of trust and confidence.

Appellants' second point is that community property of appellants was used to purchase the duplex in question, and Mr. Bishop had the sole right of management and control, and therefore any dealings by Mr. Freeman with anyone other than Mr. Bishop were of no force or effect. The record discloses substantial evidence, including the testimony of Mr. Bishop himself, that what was done was with Mr. Bishop's knowledge and consent.

Appellants finally assert that "Respondents' alleged agreement that they were to care for appellants as long as they lived, was breached and fully disregarded by respondents even by their own testimony and therefore the consideration failed." Neither the pleadings nor the findings contain any

reference to such an agreement. The agreement as testified to by respondents was that if respondents should care for the appellants until their deaths, then respondents should have all of the property. The present action was not based on a breach of such assumed agreement.

For the foregoing reasons, the judgment is affirmed.

Doran, Acting P. J., concurred.